UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No: 3:11-CR-88 RLM |
| | ) | |
| ROGELIO RODRIGUEZ-VILLEGAS | ) | |

OPINION AND ORDER

Although defendant Rogelio Rodriguez-Villegas expressly waived the right to appeal or contest his conviction and sentence under 28 U.S.C. § 2255 in his plea agreement, he is now before the court seeking post-conviction relief in a "petition for writ of *coram nobis*". He filed the petition more than three years after judgment was entered and two years after the sentence was completed; it is Mr. Rodriguez's first collateral attack on his conviction. He alleges that his attorney in 2011 and 2012 "did not inform him of the severe immigration consequences of pleading to misuse of a social security number under [42 U.S.C.] 408(a)(7)(B)", thereby depriving him of his Sixth Amendment right to effective assistance of counsel, but he provides no facts to support those allegations.

The court advised Mr. Rodriguez that the court intended to construe his petition for a writ of *coram nobis* as a petition for habeas corpus under 28 U.S.C. 2255, and gave him a chance to supplement the record and submit any additional materials he wished the court to consider. In response, he submitted an affidavit in which he attests that his attorney told them "that a guilty plea might hinder [his] immigration hearing but he felt that [Mr. Rodriguez] didn't have to worry

about it because [he] had enough reasons to seek relief and be able to stay here in the U.S. and get [his] visa." [Doc. No. 53]. Mr. Rodriguez also submitted an affidavit from his wife, Mindy Rodriguez, stating that their attorney told them they "shouldn't worry too much about [the consequences of the plea on immigration proceedings] because [they] had a good case for relief." [Doc. No. 53].

Once a petition is filed under 28 U.S.C. § 2255:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Franklin's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Rodriguez's petition was filed too late under 28 U.S.C. 2255(f), unless he can show that there were "extraordinary circumstances" beyond his control that prevented him from filing a timely motion and provided a basis for tolling the limitations period. Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). He hasn't met that burden.

Even if he made such a showing, a review of the record shows that the possibility of deportation was expressly addressed in Mr. Rodriguez's plea

2

agreement, in the presentence investigation report, and at the change of plea and sentencing hearings. The affidavits submitted by Mr. Rodriguez and his wife don't prove otherwise, or provide any factual or legal basis for setting aside the guilty plea.

> Paragraph 9(c) of the plea agreement, expressly provided that:
>
> Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant, nevertheless, affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, *even if the consequence is his automatic removal from the United States.*

(Emphasis added).

In paragraphs 11 and 12, Mr. Rodriguez stated that he believed his attorney "ha[d] done all that anyone could do to counsel and assist [him]," that he offered his guilty plea "freely and voluntarily and of my own accord," and that "no promises ha[d] been made to [him] other than those contained in [the plea agreement], nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty...."

Paragraphs 72 and 98 of the presentence investigation report [Doc No 40-41] and the court's January 13, 2012 sentencing memo [Doc No 45], also document that Mr. Rodriguez knew he could be deported if he pleaded guilty to

the offense charged. Defense counsel made numerous objections to the presence report, including paragraph 72's characterization of the potential deportation as an aggravating factor. The court addressed his objections at sentencing, overruled them, and included paragraph 98 as a special condition of his probation.[1]

The record before the court demonstrates that Mr. Rodriguez was informed repeatedly about the possibility of deportation and that he knowingly and voluntarily agreed to plead guilty and to waive his right to appeal or file a 2255, despite the consequences. The affidavits submitted by Mr. Rodriguez-Villegas and his wife [Doc. No. 53] don't show otherwise.

For the foregoing reasons, Mr. Rodriguez's petition [Doc. No. 49] is DISMISSED.

SO ORDERED.

ENTERED:  May 31, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:   Rogelio Rodriguez-Villegas
      AUSA Jesse Barrett

---

[1] Paragraph 98 and the judgment in this case [Doc. No. 46] provided that: "If the defendant is deported, he shall not re-enter the United States without the express permission of the appropriate government authority."